**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Adam H. Offenhartz
Direct: +1 212.351.3808
Fax: +1 212.351.5272
AOffenhartz@gibsondunn.com

Client: 03290-00077

December 23, 2015

VIA ECF

The Honorable Ronnie Abrams
United States District Court
  for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

Re:     Feinberg v. Apple Inc., Case No. 15 Civ. 5198 (RA)

Dear Judge Abrams:

We represent defendant Apple Inc. ("Apple") in the above-referenced action. We write in response to plaintiff's December 21 letter (Dkt. No. 33), which reiterates plaintiff's previously denied request to conduct on-site expert discovery. As set forth below, plaintiff's requests should be denied.

Blatantly disregarding this Court's prior rulings and the Federal Rules of Civil Procedure, plaintiff's December 21 letter inappropriately requests the same expert discovery he was previously denied permission to conduct. This is at least the *fifth* time plaintiff has requested intrusive expert discovery prior to a ruling on the sufficiency of the pleadings. This must stop.

As may well be all too familiar to the Court, during the August 21 initial pre-trial conference, the Court ruled that discovery is stayed until the sufficiency of plaintiff's pleadings has been adjudicated. The Court reiterated this ruling during a September 9th teleconference with the parties. During that same September 9th teleconference, the Court denied plaintiff's request for discovery to aid him in amending his complaint, including his request for an order directing Apple to grant access to the Store to a fire safety engineer selected by plaintiff. Ignoring, at that point, two of this Court's rulings, plaintiff proceeded to submit letters on September 29 (Dkt. No 24) and October 15 (Dkt. No 26) reiterating his previously denied request for on-site expert discovery—seeking to have his fire protection engineer review the interior of the Store.

Plaintiff nevertheless now once again requests that plaintiff's fire safety "expert" should be "given the opportunity to do [an] escorted inspection" of the Store. (Dkt. No. 33 at 2). This is but a renewed request for the on-site expert discovery the Court rejected on more than one earlier occasion. Plaintiff offers no legitimate basis for the Court to reconsider its prior rulings. Tellingly, plaintiff wants this on-site expert discovery to occur "before anything else takes place in this case," in another transparent effort to stop the motion to dismiss briefing.

GIBSON DUNN

The Honorable Ronnie Abrams
December 23, 2015
Page 2

Plaintiff's desire to avoid a motion to dismiss is not grounds for reversing prior rulings that discovery should not proceed at this time. Plaintiff's request should be denied.

Plaintiff's counsel is a very experienced practitioner. Counsel surely understands his obligation to abide by this Court's rulings absent a compelling reason to seek reconsideration (which would be too late and unfounded anyways).[1]

For the reasons set forth in Apple's prior submissions to the Court, Apple remains convinced that plaintiff's allegations relating to fire safety compliance will not withstand the motion to dismiss Apple will file on January 5, 2016. Simply, plaintiff is yet again putting the cart (extraordinary expert discovery that Apple would oppose) before the horse (pleading factual allegations and surviving a motion to dismiss).

For the foregoing reasons, Apple respectfully requests that the Court again deny plaintiff's request for expert discovery.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Adam H. Offenhartz

Adam H. Offenhartz

cc:     Norman B. Arnoff, Esq. (via ECF)

---

[1] S.D.N.Y. Local Civil Rule 6.3 requires a motion for reconsideration to be served within fourteen (14) days, making any request for reconsideration of the Court's ruling during the September 9th teleconference untimely. The standard for granting a motion for reconsideration is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).