UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                         :

HERBERT FEINBERG,                    :

              Plaintiff,        :    Civil Action No. 15-CV-5198 (RA)

                    :

     -against-              :

APPLE INC.,                     :    **ORAL ARGUMENT REQUESTED**

                     :

             Defendant.    :

                    :
--------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Adam H. Offenhartz
Gabrielle Levin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

*Attorneys for Defendant*

February 1, 2016

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

ARGUMENT ........................................................................................................3

    I.     THIS CASE SHOULD BE DISMISSED BECAUSE PLAINTIFF
           LACKS ARTICLE III STANDING ........................................................3

    II.    PLAINTIFF LACKS STANDING TO ASSERT A PUBLIC
           NUISANCE CLAIM ...............................................................................5

    III.   PLAINTIFF DOES NOT DISPUTE THAT HE CANNOT BRING A
           PRIVATE CAUSE OF ACTION FOR PURPORTED VIOLATIONS
           OF THE NEW YORK CITY FIRE CODE .........................................7

    IV.   PLAINTIFF HAS NOT ADEQUATELY PLED A CLAIM FOR
           NUISANCE ............................................................................................7

    V.    PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF ...........................10

CONCLUSION....................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*,
  96 N.Y.2d 280 (2001) ............................................................................5, 6

*Altschul v. Ludwig*,
  216 N.Y. 459 (1916) ................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................9

*Clapper v. Amnesty Int'l USA*,
  133 S. Ct. 1138 (2013) .................................................................1, 3, 4, 5

*Corning v. Lowerre*,
  6 Johns. Ch. 439 (N.Y. Ch. Ct. 1822) .....................................................6

*Heaton v. Packer*,
  116 N.Y.S. 46 (N.Y. App. Div. 1st Dep't 1909) ......................................7

*Int'l Audiotext Network, Inc. v. AT&T Co.*,
  62 F.3d 69 (2d Cir. 1995) .........................................................................9

*Leo v. Gen. Elec. Co.*,
  145 A.D.2d 291 (N.Y. App. Div. 2d Dep't 1989) ....................................6

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .................................................................................3

*Murphy v. First Reliance Standard Life Ins. Co.*,
  2010 WL 2243356 (E.D.N.Y. June 1, 2010) ...........................................9

*Murray v. Young*,
  97 A.D.2d 958 (N.Y. App. Div. 4th Dep't 1983) .....................................7

*Ross v. Bank of Am., N.A. (USA)*,
  524 F.3d 217 (2d Cir. 2008) ..................................................................4, 5

*Sullivan v. Ford Motor Co.*,
  2000 WL 343777 (S.D.N.Y. Mar. 31, 2000) ...........................................5

*Thomas v. Union Carbide Agric. Prods. Co.*,
  473 U.S. 568 (1985) .................................................................................3

**TABLE OF AUTHORITIES**
*(continued)*

Page(s)

*Vacca v. Valerino*,
   16 A.D.3d 1159 (N.Y. App. Div. 4th Dep't 2005) .....................................................7

*Winfield v. Babylon Beauty Sch. of Smithtown Inc.*,
   89 F. Supp. 3d 556 (E.D.N.Y. 2015) ......................................................................9

*Wright v. Ernst & Young LLP*,
   152 F.3d 169 (2d Cir. 1998).....................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(6)...............................................................................................9

## INTRODUCTION

Plaintiff's Opposition offers no remedy to the multitude of independent, dispositive flaws in his nuisance claims that were identified in Apple's opening brief.  Indeed, plaintiff's Opposition repeats the sparse conclusory allegations in his SAC, while failing to adequately address the legal authorities that indicate his claims must be dismissed.

Plaintiff's Opposition concedes—as it must—that "no disturbances have yet occurred since the June 13, 2015 store opening."  Opp. at 3.  Thus, plaintiff has not and cannot plead that he has suffered any actual injury from the operation of the Store.  Plaintiff's purported standing is based solely on conclusory and speculative allegations of injury that might occur at some undetermined point in the future.  Plaintiff's allegations do not come close to demonstrating "certainly impending" injury.  *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (internal quotation marks omitted).  For these reasons, plaintiff lacks standing to sue under Article III of the United States Constitution.  Def.'s Mem. at 9-11.

Plaintiff lacks standing in other important ways.  He continues to rely on his proximity to the Store to establish he has suffered the "special injury" required to confer standing with respect to his public nuisance claim.  But, as explained in Apple's opening brief, plaintiff's "close proximity" at most establishes that any injury that might be suffered by plaintiff would be greater in degree than others in the surrounding community.  This is not enough to confer standing. Def.'s Mem. at 11-14.

Plaintiff does not even attempt to dispute that there is no private cause of action for alleged violations of the New York City Fire Code.  Plaintiff's fire safety allegations must therefore be dismissed.  To the extent plaintiff (mistakenly) believes the Store presents a fire safety issue, he is free to address this matter with the New York City Fire Department.

Even if these standing defects were not enough to require dismissal of the SAC (and they

are), plaintiff's claims still fail because he has not alleged facts sufficient to plausibly allege that the Store is a public or private nuisance.  In its opening brief, Apple explained that each of the conditions about which plaintiff complains are insufficiently pled because they are entirely speculative, not sufficiently "substantial in nature" and "unreasonable in character," and not occurring on a constant or recurring basis.  Def.'s Mem. at 15-22.  Plaintiff's Opposition offers no meaningful response other than a rote recitation of his conclusory allegations.

Tacitly conceding that his fire safety allegations are insufficiently pled, plaintiff resorts to relying on (incorrect) assertions that the Store has been operating with an insufficient certificate of occupancy and that a fire protection plan has not been filed at the Department of Buildings. These allegations appear nowhere in the SAC.  Plaintiff cannot survive a motion to dismiss by relying on unpled allegations or an "expert" affidavit submitted for the first time with his Opposition.  Plaintiff's attempt to amend his complaint for a third time through his Opposition and submission of a so-called expert report is procedurally improper and flouts this Court's Order that no further amendments of the complaint are permitted.  In any event, plaintiff fails to explain how these new allegations, if properly before the Court, plausibly establish that the Store is a fire hazard.  At most, these allegations support plaintiff's "*concern*" that there *may* be a fire egress issue at the Store.  Such a generalized "concern" comes nowhere close to plausibly alleging nuisance claims based on fire safety issues (for which there is no private right of action).

Finally, plaintiff's Opposition tellingly offers no rebuttal to Apple's argument that he cannot satisfy the high burden necessary for the mandatory injunction he seeks.  Indeed, he does not deny that Apple has invested significant resources in the Store, that plaintiff delayed in bringing suit, and that plaintiff failed to seek any expedited relief.  In these circumstances, especially given the pleading deficiencies in his SAC, plaintiff is not entitled to a mandatory injunction enjoining "the establishment and operation" of the Store.

2

For the reasons stated below and in the opening brief, plaintiff's claims should be dismissed in their entirety and with prejudice.

## ARGUMENT

### I.     THIS CASE SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS ARTICLE III STANDING

Plaintiff has not met his burden of demonstrating any actual or imminent injury and, therefore, lacks standing to sue under Article III of the United States Constitution.

Plaintiff's Opposition does not acknowledge, let alone distinguish, the numerous Supreme Court cases cited in Apple's opening brief.  *See* Def.'s Mem. at 9-11.  The Supreme Court authorities make clear that this case cannot proceed unless plaintiff has suffered an "injury" that is "actual or imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted).  *See also Clapper*, 133 S. Ct. at 1147 ("threatened injury must be *certainly impending* to constitute injury in fact") (emphasis in original) (internal quotation marks omitted); *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (no Article III standing where the alleged harm involves "contingent future events that may not occur as anticipated, or indeed may not occur at all") (internal quotation marks omitted).

In his Opposition, plaintiff does not deny that he has not suffered any actual injury. Indeed, he admits that "no disturbances have yet occurred since the June 13, 2015 store opening."  Opp. at 3.

Plaintiff therefore must demonstrate a "*certainly impending*" injury in order to have Article III standing.  *Clapper*, 133 S. Ct. at 1147.  He fails to satisfy this requirement.  His Opposition confirms that his assertion of injury is based on mere speculation that some unknown bad thing might happen in the future.  According to plaintiff, the "close proximity" of the Store

3

to his home and "the operations of other Apple stores . . . portends a *likely* threat to Plaintiff's home's peace and safety *if* Apple follows its normal and customary mode of operations."  Opp. at 2-3 (emphasis added).  But just as the Supreme Court held in *Clapper*, a "highly speculative fear" about future conduct and the injury it might cause is insufficient to confer Article III standing.  133 S. Ct. at 1148.

Plaintiff also argues that the "proximity" of his home to another property—the Store— that might present fire safety issues confers standing.  Opp. at 9.  But plaintiff's Opposition makes no attempt to explain how his admitted uncertainty whether there is actually a fire safety issue at all can be squared with the required "certainly impending" injury.  Opp. at 4; SAC ¶ 54; Dkt. No. 22 at 4.  And plaintiff has not cited a single case in which the existence of a possible fire hazard in and of itself was sufficient to confer standing on a neighbor.  Plaintiff relies on *Altschul v. Ludwig*, 216 N.Y. 459 (1916) (Opp. at 10), but that case did not address Article III standing and is otherwise distinguishable.[1]

Likewise, *Ross v. Bank of America, N.A. (USA)*, 524 F.3d 217 (2d Cir. 2008) (cited in Opp. at 6-7, 15-16), is inapposite.  *Ross* was an antitrust case in which the Second Circuit concluded that an allegation of *actual* competitive harm was sufficient to establish Article III standing.  524 F.3d at 223 (finding that the cardholders' assertion that they were "deprived of any meaningful choice on a critical term and condition of their general purpose card accounts" satisfied injury-in-fact requirement).  Here, it is undisputed that plaintiff has not suffered any

---

[1]  In *Altschul*, the New York Court of Appeals considered whether, under the General Municipal Law in effect at that time, a taxpayer could bring suit against the New York City superintendent of buildings to restrain him from approving construction plans that were allegedly in violation of the building code.  *Id.* at 462-68.  The court did not consider the propriety of a nuisance action against a private retail store for speculative harms resulting from possible violations of the New York City Fire Code (for which there is no private right of action).

actual harm.  Furthermore, the Second Circuit's statement in *Ross* that injury-in-fact "may simply be the fear or anxiety of future harm," *id.* at 222, cannot be squared with subsequent Supreme Court precedent.  *Clapper*, for example, reversed a Second Circuit decision finding standing due to the "objectively reasonable likelihood" of harm "at some point in the future." 133 S. Ct. at 1146.  In *Clapper*, the Supreme Court "reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that [a]llegations of *possible* future injury are not sufficient." *Id.* at 1147 (emphases in original) (internal quotation marks omitted).[2]

Because plaintiff does not allege that he has personally suffered or is in imminent danger of suffering a "certainly impending" injury resulting from the operation of the Store, he lacks Article III standing and his claims must be dismissed.

## II.    PLAINTIFF LACKS STANDING TO ASSERT A PUBLIC NUISANCE CLAIM

In its opening brief, Apple explained that plaintiff lacks standing to assert a public nuisance claim under New York common law.  Apple cited a number of cases in which public nuisance claims were dismissed on standing grounds due to the plaintiff's failure to allege "special injury."  *See* Def.'s Mem. at 12-14.  Plaintiff does not address any of these decisions.

Plaintiff agrees that he only has standing to bring a public nuisance claim if he has suffered a "special injury" that is "different not only in degree but in kind" from the injury suffered by the community at large.  Opp. at 14.[3]  However, plaintiff offers nothing more than the bare conclusion that "subjecting Plaintiff and his home to the foreseeable risk of damage to

---

[2] *Sullivan v. Ford Motor Co.*, 2000 WL 343777, at *1 (S.D.N.Y. Mar. 31, 2000) (cited in Opp. at 9), is a summary judgment decision addressing a claim for negligent infliction of emotional distress.  It is irrelevant to this case.

[3] Plaintiff misleadingly quotes language from the New York Court of Appeals's decision in *532 Madison Avenue Gourmet Foods, Inc. v. Finlandia Center, Inc.*, 96 N.Y.2d 280, 288 (2001).  Opp. at 15.  One of the quotes in the Opposition is from the Appellate Division's decision, which was reversed by the Court of Appeals.

his home and injury to his person because of close proximity" constitutes "special injury." Opp. at 17. But plaintiff's "close proximity" to the Store at most establishes that any injury that might be suffered by plaintiff would be greater "in degree" than others in the surrounding community, which the New York Court of Appeals has squarely rejected as insufficient to confer standing. *532 Madison Ave.*, 96 N.Y.2d at 293-94.[4]

Plaintiff's reliance on *Leo v. General Electric Co.*, 145 A.D.2d 291 (N.Y. App. Div. 2d Dep't 1989) (cited in Opp. at 12), is misplaced. In *Leo*, the New York Appellate Division, Second Department, recognized a private right of action by plaintiff commercial fishermen who contended that defendant's pollution of the Hudson River created a public nuisance that had a devastating effect on their ability to earn a living. *Id.* at 293-94. In distinguishing this case, the New York Court of Appeals noted that the plaintiffs "were able to establish that their injuries were special and different in kind, not merely in degree: a loss of livelihood was not suffered by every person who fished the Hudson." *532 Madison Ave.*, 96 N.Y.2d at 294. By contrast, every person who maintains a business or residence in proximity to the Store is equally affected by the operation of the Store. Plaintiff's failure to identify any injury to his individual safety or property that is not likewise applicable to others living near or visiting the Store eviscerates his public nuisance claim.

---

[4] Tellingly, the only support plaintiff can muster for his argument that his proximity to the store constitutes a "special injury" is a case from close to 200 years ago. In *Corning v. Lowerre*, 6 Johns. Ch. 439 (N.Y. Ch. Ct. 1822), the court found that plaintiffs whose neighbor had constructed a house in the middle of their street, thus obstructing plaintiffs' access to the street and affecting the value of their property, had suffered a "special injury" sufficient to confer standing to pursue a public nuisance claim. Even this case from 1822 is inapposite.

### III.   PLAINTIFF DOES NOT DISPUTE THAT HE CANNOT BRING A PRIVATE CAUSE OF ACTION FOR PURPORTED VIOLATIONS OF THE NEW YORK CITY FIRE CODE

Plaintiff does not respond to Apple's argument that there is no private right of action to enforce the New York City Fire Code.  Def.'s Mem. at 14-15.  This is fatal to plaintiff's claims for purported fire safety violations.

### IV.   PLAINTIFF HAS NOT ADEQUATELY PLED A CLAIM FOR NUISANCE

In its opening brief, Apple identified a number of ways in which plaintiff's nuisance claims suffered from pleading defects.  *See* Def.'s Mem. at 15-22.  Plaintiff fails to meaningfully respond.  He resorts to citing his proximity to the Store and his observation at Apple stores "in other locations" of "a number of conditions that would interfere with his and his neighbors' rights of quiet enjoyments to their properties."  Opp. at 3.[5]  Importantly, plaintiff concedes that none of these conditions has actually occurred at the Store since its June 13, 2015 opening.  Opp. at 3.  (Plaintiff also conveniently ignores that there have not been any nuisance lawsuits relating to any of Apple's other retail stores in Manhattan.)  In sum, plaintiff's conclusory and speculative allegations do not demonstrate that it is "apparent or inevitable that the proposed use of the property will actually result in a nuisance."  *Heaton v. Packer*, 116 N.Y.S. 46, 48 (N.Y. App. Div. 1st Dep't 1909).

---

[5]  Plaintiff relies on *Murray v. Young*, 97 A.D.2d 958, 958 (N.Y. App. Div. 4th Dep't 1983), in which the court reversed a grant of summary judgment to the defendants due to the existence of questions of fact.  Opp. at 11.  This decision says nothing about whether plaintiff has plausibly alleged a nuisance claim for the purposes of a motion to dismiss.

In *Vacca v. Valerino*, 16 A.D.3d 1159, 1160 (N.Y. App. Div. 4th Dep't 2005) (cited in Opp. at 12), a jury found the defendant liable for private nuisance relating to a retaining wall that encroached on plaintiffs' property and threatened to collapse thereon.  While the facts of the case are not apparent from the reported decision, the case appears to be distinguishable. Here, plaintiff cannot even muster factual allegations sufficient to reasonably support a plausible inference that the Store is threatening to harm plaintiff or his property.

With respect to plaintiff's fire safety allegations, his Opposition makes a number of telling omissions.  Plaintiff does not deny that he is unsure whether there is actually a fire safety issue at the Store.  He does not deny that the SAC fails to identify any particular provisions of the New York City Fire Code that Apple has supposedly violated.  Nor does he deny that the allegations in the SAC are nearly copied verbatim from an unsigned, unsworn "summary" prepared by a disbarred lawyer who did not have access to the entire Store and who has no expertise regarding the New York City Fire Code.  Finally, the SAC fails to refute Apple's claim that it has all necessary building permits and authorizations.

Tacitly conceding that the fire safety allegations in the SAC are insufficient, plaintiff inappropriately attempts to rely on allegations relating to a fire protection plan and certificate of occupancy for the Store (Opp. at 3-4) and an affidavit (the "Collins Aff.") and related exhibits submitted by plaintiff's "expert" fire protection engineer.  These allegations appear nowhere in the SAC, the affidavit is not attached to or referenced in the SAC, and plaintiff's reliance on them constitutes an improper attempt to amend the SAC through plaintiff's opposition brief.  *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (citing cases explaining that "a party is not entitled to amend its complaint through statements made in motion papers").  Plaintiff already had two opportunities to amend his complaint.  In granting plaintiff leave to file the proposed SAC submitted by plaintiff—which contained 15 new paragraphs regarding fire safety and no attachments—the Court clearly ordered that "[n]o further amendments will be permitted."  (Dkt. No. 28).  Plaintiff's improper attempt to amend his pleadings for a third time through the Opposition and submission of an "expert" report executed months after this Court ordered no further amendments is patently improper and should not be countenanced.

Additionally, because the "expert" affidavit and its exhibits are not attached to or referenced anywhere in the SAC, they cannot be considered on this motion to dismiss.  In

*Winfield v. Babylon Beauty School of Smithtown Inc.*, 89 F. Supp. 3d 556, 562 (E.D.N.Y. 2015), the court found that it was "procedurally improper" for the plaintiffs to rely on factual declarations attached to their opposition to the defendant's motion to dismiss, because plaintiffs "did not refer to the facts or opinions averred in the declarations in the amended complaint." And in *Murphy v. First Reliance Standard Life Insurance Co.*, 2010 WL 2243356, at *5 (E.D.N.Y. June 1, 2010), the court stated that the affidavit of an expert was "clearly an impermissible document for the Court to consider in ruling on a motion under Rule 12(b)(6)."[6] As these cases make clear, it is improper for plaintiff to rely on an "expert" affidavit submitted with his Opposition brief.

Even if it were appropriate to consider the new factual averments and "expert" affidavit on this motion (it is not), the new allegations do not "allow[] the court to draw the reasonable inference" that there are fire safety issues at the Store. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff does not explain how the supposed failure to have a fire protection plan and updated certificate of occupancy filed with the New York City Department of Buildings is enough to plausibly allege that the Store is a fire hazard and a nuisance. Tellingly, the "expert" affidavit declines to make "a definitive determination." Collins Aff. ¶ 4. In sum, these unpled allegations do nothing more than purport to buttress the *possibility* (however remote) of a fire hazard at the Store; they do not constitute plausible allegations which (when accepted as true for the purposes of this motion) permit the Court to draw the reasonable inference that the Store *actually* constitutes a nuisance.

---

[6] In *International Audiotext Network, Inc. v. AT&T Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (cited in Opp. at 9), the Second Circuit determined that where a complaint "relies heavily upon" the "terms and effect" of an agreement, the agreement is "integral" to the complaint and can be considered on a motion to dismiss. Here, the declaration submitted by plaintiff is not referenced in the SAC and indeed was executed seven weeks *after* the SAC was filed.

Finally, plaintiff makes no attempt to address Apple's argument that plaintiff fails to plausibly allege that any of the supposed nuisance conditions—should they ever occur—would be "substantial" in nature, "unreasonable in character," or "continuous" or "recurring" so as to constitute a nuisance. *See* Def.'s Mem. at 18-22.[7]

## V.     PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF

In its opening brief, Apple noted that plaintiff's speculative and conclusory assertions failed to satisfy the "high burden" in order to be entitled to a mandatory injunction altering the status quo. *See* Def.'s Mem. at 22-23.  In his Opposition, plaintiff concedes he is seeking a mandatory injunction (Opp. at 17), but fails to respond to Apple's arguments.  He cites no case law granting mandatory injunctions in analogous circumstances, and falls far short of the requisite "clear showing" of likelihood of success.  *See* Def.'s Mem. at 22.  He also fails to distinguish any of the cases cited by Apple, including a New York Court of Appeals decision rejecting a motion for a mandatory injunction requiring the closure of a business just down the street from the Store.  *See* Def.'s Mem. at 22-23.  And plaintiff does not dispute that Apple has spent a large sum of money opening the Store, which the mandatory injunction sought by plaintiff would needlessly waste.  Having failed to rebut Apple's arguments, plaintiff's request for injunctive relief should be denied.

### CONCLUSION

For the reasons stated above and in its opening brief, defendant respectfully requests that the Court dismiss plaintiff's Second Amended Complaint with prejudice.

---

[7] Plaintiff's discussion of the standards applicable to a summary judgment motion is puzzling given that Apple has moved to dismiss under Rule 12 of the Federal Rules of Civil Procedure.  Opp. at 18-19.  Contrary to plaintiff's assertion (Opp. at 19), Apple is not required to offer any "proof" on a motion to dismiss.

Dated:   February 1, 2016                    GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Adam H. Offenhartz
                  Adam H. Offenhartz
                  Gabrielle Levin
                  200 Park Avenue, 48th Floor
                  New York, NY  10166-0193
                  Telephone:  212.351.4000
                  Facsimile:  212.351.4035

                  *Attorneys for Defendant Apple Inc.*